UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER MATEJ,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED MOTORS, LTD. D/B/A LIBERTY AUTO PLAZA,<br><br>    Defendant. | CIVIL ACTION<br><br>COMPLAINT 1:19-cv-05403<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** Christopher Matej ("Plaintiff") by and through his attorneys, Sulaiman Law Group, Ltd., complaining of the Defendant, United Motors, Ltd. d/b/a Liberty Auto Plaza, ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress from the actions of Defendant in obtaining Plaintiff's consumer report without a permissible purpose and under false pretenses, in violation of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 et seq.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FCRA, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

### PARTIES

4. Plaintiff Christopher Matej is a consumer and natural person over 18 years of age who, at all times relevant, resided in the Northern District of Illinois.

1

5. Defendant is an Illinois corporation that operates a car dealership and is located at 920 South Milwaukee Avenue, Libertyville, Illinois 60048. Defendant is a user and a furnisher of information to the three major credit reporting agencies, Equifax, Experian, and TransUnion ("CRAs").

**FACTUAL ALLEGATIONS**

6. On December 12, 2018, Plaintiff went online in an attempt to obtain pre-qualification for an auto-loan. The application process required Defendant to do a soft credit inquiry. At no time did Plaintiff authorize Defendant to perform a hard credit inquiry.

7. Without Plaintiff's authorization, Defendant ran a hard inquiry on Plaintiff's credit report.

8. After running the hard inquiry, Defendant sent a text message to Plaintiff stating that the bank had pre-approved him for an auto loan with only $500 down.

9. Perplexed, Plaintiff responded by asking why Defendant would pull his credit without his authority. Defendant responded by stating that Plaintiff gave them "permission to take a soft check." Plaintiff stated that they did not do a soft check, but a hard inquiry.[1]

10. On December 14, 2018, despite actual knowledge that Plaintiff did not want any hard inquiries on his credit report, Defendant ran another hard inquiry on Plaintiff's credit.

11. Furthermore, Plaintiff received another text from Defendant. This time the message asked Plaintiff if he wanted to trade his car in.

12. At no time did Plaintiff step into Defendant's dealership or authorize Defendant to make a hard inquiry on his credit.

---

[1] The representative of Defendant texted Plaintiff using the number (312) 998-2303 and stated his name was Freddy who worked in the finance office of Defendant.

13. Specifically, Defendant ran or caused to be ran Plaintiff's credit report on 6 separate occasions, including, hard inquiries from Defendant, United Motors, Inc., Santander/Roadloans.com, and NCC Inc. /Liberty Import.

14. Defendant intentionally misrepresented to the CRAs that Plaintiff was attempting to obtain credit with them or had a current credit relationship with Defendant. Defendant's misrepresentations and false certifications resulted in the CRAs releasing highly confidential and sensitive personal information concerning Plaintiff to Defendant and other users.

15. Plaintiff did not obtain credit with Defendant nor did he authorize it to do so at the time these requests were made.

16. Defendant accessed Plaintiff's credit report without the consent or knowledge of Plaintiff.

17. Defendant obtained Plaintiff's credit reports and/or credit information under false pretenses and that the purpose of such access was for a "Credit Transaction" by falsely representing that Plaintiff initiated a credit transaction with it.

18. It is Defendant's standard business pattern and practice to illegally access consumer reports under false pretenses. Despite numerous disputes complaining about illegal access to consumer credit reports, Defendant intentionally and knowingly failed to correct their policy of accessing these reports under false pretenses.[2]

19. The actions taken by Defendant were done with malice. They were done wantonly, recklessly, and willfully, and were done with either the desire to harm Plaintiff or with the knowledge that its actions would very likely harm Plaintiff, and that its actions were taken in violation of the law.

---

[2] *See* https://www.yelp.com/biz/liberty-auto-plaza-libertyville-2 *See also*, https://www.bbb.org/us/il/libertyville/profile/used-car-dealers/liberty-auto-plaza-0654-28003196/complaints (Consumer's complaining of unauthorized credit inquiries)(last visited: August 8, 2019).

20. Defendant has engaged in a pattern of practice of wrongful and unlawful behavior with respect to accounts and consumer credit reports.

21. Defendant both negligently and willfully violated the Fair Credit Reporting Act by impermissibly obtaining Plaintiff's consumer reports.

22. Defendant had no legitimate business need for Plaintiff's consumer reports at the time that it requested a copy of Plaintiff's credit reports from the CRAs. The 6 inquiries were recorded on Plaintiff's credit reports and decreased Plaintiff's credit score.[3]

## IMPACT OF
## IMPERMISSIBLE PULLS OF PLAINTIFF'S CREDIT FILE

23. The conduct of Defendant has caused Plaintiff damages in the form of invasion of privacy, emotional distress, mental anguish, loss of sleep, and decreased credit scores.

24. Due to Defendant's conduct, Plaintiff is entitled to punitive damages, statutory damages, attorney's fees and all other appropriate measures to punish and deter similar future conduct by Defendant.

25. As a result of the conduct, actions, and inactions of Defendant, Plaintiff has suffered various types of damages as set forth herein, including specifically, invasion of privacy, expenses and time incurred curing and remediating fraudulent account activity, time and expenses reasonably incurred to prevent future fraudulent activity, credit monitoring, constant vigilance in detecting fraudulent account activity, expenses and time reasonably incurred to prevent future invasions of privacy, out-of-pocket expenses, the loss of credit opportunities, injury to reputation and credit rating, the loss of ability to purchase and benefit from a credit line, time and

---

[3] According to Fair Isaac Corporation ("FICO"), hard inquiries constitute 10% of a consumer's total FICO score and that opening several accounts in a short period of time represents a greater risk to consumer's creditworthiness. www.myfico.com/credit-education/whats-in-your-credit-score/ (last visited: August 8, 2019).

money expended meeting with his attorneys, monitoring his credit file, mental and emotional pain and suffering.

26. Due to Defendant's conduct, Plaintiff is entitled to punitive damages, statutory damages, and all other appropriate measures to punish and deter similar future conduct by Defendant.

<b><u>COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT</u></b><br>(VIOLATIONS OF §1681b)

27. Plaintiff restates and reallages paragraphs 1 through 26 as though fully set forth herein.

28. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(c) and (b).

29. Defendant is a "person" as defined by 15 U.S.C. §1681a(b).

30. Defendant is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

31. At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

32. The FCRA prohibits any person or entity from using or obtaining a consumer credit report unless the user has a permissible purpose enumerated under the FCRA. *See* 15 U.S.C. §1681b(f).

33. On December 12, 2018, Defendant requested and received copies of Plaintiff's consumer credit reports maintained by the CRAs without the Plaintiff's consent, or for any permissible purpose.

34. Furthermore, on December 14, 2018, Defendant requested and received copies of Plaintiff's consumer credit reports maintained by the CRAs without the Plaintiff's consent, or for any permissible purpose.

35. Defendant did not have a legitimate business need for Plaintiff's credit reports under the FCRA.

5

36. Defendant willfully and maliciously violated §1681b(f) when it accessed Plaintiff's credit reports without any permissible purpose under the FCRA.

37. As stated above, Plaintiff was harmed by Defendant's conduct because the impermissible pull of Plaintiff's credit reports contributed to a lower credit score.

38. Defendant's violations have deprived the Plaintiff of the right to control his own personal information, which is a major aspect of privacy that is protected by the FCRA.

**WHEREFORE**, Plaintiff CHRISTOPHER MATEJ requests that this Honorable Court:

 a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
 b. Order the deletion or modification of all adverse credit reporting relating to Defendant's credit inquiries;
 c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;
 d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;
 e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;
 f. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and
 g. Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: August 9, 2019 Respectfully Submitted,

/s/ Alexander J. Taylor
/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
Alexander J. Taylor, Esq.
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com